IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN GAGIEV | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  26-169 |
| | : | |
| MICHAEL ROSE, *et al.* | : | |

# ORDER

**AND NOW**, this 17th day of February 2026, upon consideration of Alan Gagiev's

petition for writ of *habeas corpus* (DI 1), the government's response in opposition thereto (DI

4), and Mr. Gagiev's reply (DI 6), it is hereby **ORDERED** that:

1.     Pending consideration of the petition, the government **SHALL NOT**

**TRANSFER** Mr. Gagiev out of the Eastern District of Pennsylvania.  *See Kuprashvili v.*

*Flanagan*, 2025 WL 2382059, at *1 (S.D.N.Y. June 30, 2025) (collecting cases staying removal

to preserve the status quo).

2.     The government shall provide supplemental briefing and contextual evidence

where available on the following topics no later than **Tuesday, February 24, 2026**:[1]

       a.     What were the "conditions" upon which Mr. Gagiev was paroled into the

              United States on January 2, 2025, as understood in 8 U.S.C.

              § 1182(d)(5)(A)?  What reasons did the Secretary of Homeland Security

              provide for granting Mr. Gagiev parole (*i.e.*, what "urgent humanitarian

              reasons" or "significant public benefit" were cited respecting Mr.

              Gagiev's parole)?  What were the "purposes" of Mr. Gagiev's parole, as

---

[1] If the government's position is that the question is irrelevant, the government should both provide the answer and brief why it is irrelevant. If an answer is not available, then the government should explain why it is not available.

understood in 8 U.S.C. § 1182(d)(5)(A)?

b.    Has the Secretary of Homeland Security provided an opinion stating that the purposes of Mr. Gagiev's parole have been served?  If so, what does that opinion state, and has that opinion been provided to Mr. Gagiev?

c.    Was Mr. Gagiev's humanitarian parole renewed or extended after April 18, 2025? What was Mr. Gagiev's status between April 18, 2025, and the date of his detention in January 2026?

d.    Was Mr. Gagiev's parole revoked at any point?  If so, (1) when was his parole revoked; and (2) who revoked his parole?

e.    Please explain the process ICE undertook in detaining Mr. Gagiev in January 2026.

f.    What is the status of Mr. Gagiev's asylum application, and what procedures have been undertaken to adjudicate his application?  Has there been a determination regarding Mr. Gagiev's eligibility for asylum? If there has been such a determination of Mr. Gagiev's asylum eligibility, (1) who made that determination; (2) what reasons were provided for this determination; and (3) how was this determination communicated to Mr. Gagiev?

g.    What is the present status of Mr. Gagiev's removal proceedings?

3.    Mr. Gagiev shall file a declaration by **Tuesday, February 24, 2026**, that explains from his perspective what occurred when he arrived at ICE headquarters for his check-in appointment in January 2026 and was subsequently detained.  For example, we would like to

2

know: (1) what communications Mr. Gagiev had with the government regarding his humanitarian parole status prior to, during, and following his January 2026 detention; (2) which government officials Mr. Gagiev communicated with regarding his humanitarian parole status prior to, during, and following his January 2026 detention; (3) what reasons (orally and/or in writing) were provided to Mr. Gagiev regarding the granting and expiration and/or revocation of his humanitarian parole; and (4) when were such reasons provided to Mr. Gagiev?

4.      Both parties may file responsive briefs no later than **February 27, 2026**.

5.      No later than **February 27, 2026**, both parties also shall provide supplemental briefing as to the applicability of *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), regarding the question of whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 applies to Mr. Gagiev.  Please specifically address the implications of the "entry fiction" doctrine discussed in those cases.

**MURPHY, J.**