**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALAN GAGIEV** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  26-169** |
| | : | |
| **MICHAEL ROSE, et al.** | : | |

# <u>ORDER</u>

**AND NOW**, this 9th day of March 2026, upon consideration of Alan Gagiev's petition

for writ of *habeas corpus* (DI 1), the government's response in opposition thereto (DI 4) and

submission of supplemental authority (DI 5), Mr. Gagiev's reply (DI 6), and the parties'

supplemental briefing and declarations (DI 12, 13, 18), it is **ORDERED** that Mr. Gagiev's

petition is **GRANTED** for the reasons outlined in the accompanying memorandum.

Accordingly, we **ORDER** as follows:

1.      The government shall **RELEASE** Mr. Gagiev from custody immediately and certify

compliance with this order by filing on the docket no later than **5:00 p.m. ET** on Wednesday,

**March 11, 2026**;

2.      The government is temporarily enjoined from re-detaining Mr. Gagiev for seven days

following his release from custody;

3.      If the government chooses to pursue re-detention of Mr. Gagiev after that seven-day

period, it must first provide him with a bond hearing, at which a neutral immigration judge shall

determine whether detention is warranted pending the resolution of his removal proceedings;

and

4.      Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise

facilitate the removal of Mr. Gagiev from the Eastern District of Pennsylvania before the

ordered bond hearing.  If an immigration judge determines that Mr. Gagiev is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Gagiev if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  We will then determine whether to grant the request and permit transfer of Mr. Gagiev.

**MURPHY, J.**